[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13314
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00091-MHS-CCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL SALDIVAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 16, 2011)

Before EDMONDSON, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Manuel Saldivar appeals his 60-month, below-Guideline sentence imposed

following his conviction for reentry of a deported alien, in violation of 8 U.S.C.

§ 1326(a), (b)(2). Saldivar contends the district court abused its discretion by imposing a sentence greater than necessary to meet the goals of 18 U.S.C. § 3553(a). Specifically, he claims his sentence is substantively unreasonable because the Guideline range of 77-96 months' imprisonment is too high, and the district court failed to take into account his cultural assimilation in this country and his age and immaturity when he committed the majority of his criminal offenses. After review, we affirm Saldivar's sentence.[1]

The district court did not abuse its discretion in sentencing Saldivar to 60 months' imprisonment. The district court agreed the Guideline range of 77 to 96 months, with a statutory maximum of 20 years' imprisonment, was unfairly high and imposed a downward variance. Further, the record clearly shows the court considered the § 3553(a) factors in imposing Saldivar's sentence. The court specifically commented on the nature and circumstances of the offense and the history and characteristics of Saldivar, including his criminal history, problems with alcohol, and reasons for returning to the United States. Accordingly, we affirm Saldivar's sentence.

**AFFIRMED.**

---

[1] We review the sentence, whether inside or outside the guideline range, under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38 (2007). A party challenging a sentence has the burden of establishing the sentence is substantively unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).